[No. B099070. Second Dist., Div. Four. Feb. 25, 1997.]

JOHN ALEXANDER, Plaintiff and Respondent, v.
NEXTEL COMMUNICATIONS, INC., et al., Defendants and Appellants.

COUNSEL

Quinn, Emanuel, Urquhart & Oliver and Dominic Surprenant for Defendants and Appellants.

Lisa L. Maki for Plaintiff and Respondent.

OPINION

VOGEL (C. S.), P. J.—

INTRODUCTION

In this matter, defendants Nextel Communications, Inc., and Kevin Burke appeal from a judgment entered after a jury trial in favor of plaintiff and respondent John Alexander. Because the fundamental issue of whether or not there existed an implied contract that plaintiff's employment was terminable only for good cause was not submitted to the jury, we find reversible error and remand for a new trial.

FACTUAL AND PROCEDURAL BACKGROUND

In 1990, plaintiff John Alexander began working for a mobile communications company called Fleet Call in Oakland, California. Over the next several years, he received regular promotions and eventually relocated to Los Angeles in September 1992. Beginning in 1992, he was approached by defendant Kevin Burke about joining a newly forming division of the company. The company was at that time changing its name to Nextel Communications, Inc. (Nextel). Eventually, plaintiff accepted a new position with Nextel and began working in that capacity in June 1993. Plaintiff contended at trial that he was not given the responsibilities and resultant compensation he had been promised in accepting this new position, and that he was subsequently terminated in June 1994.

Plaintiff thereafter brought this action against Nextel and Burke. At trial, the jury was called upon to decide only whether defendants had breached an express contract of employment with plaintiff, and whether they had breached the implied covenant of good faith and fair dealing. The trial court did not give to the jury the instructions requested by defendants on the

subject of at-will employment, which included BAJI No. 10.10.[1] The defendants had also submitted a special jury instruction to inform the jury that California Labor Code section 2922 provides that " 'an employment having no specified term, may be terminated at the will of either party or [*sic*] notice to the other.' "[2] Further, the trial court did not accept the special verdict form proposed by defendants which included the question, "Did plaintiff refute the legal presumption that his employment was at-will and establish that there was an implied agreement between plaintiff and defendant that plaintiff's employment would be terminated only for good cause?"[3] Instead, the jury was instructed only on the issues of breach of express contract and breach of the implied covenant of good faith and fair dealing. Similarly, the special verdict form asked the jury only to decide whether there had been a breach of an express contract and a breach of the implied covenant of good faith and fair dealing.

The record does not contain the special verdict form given to the jury, and it is unclear from the record by whom it was prepared. Nor does the record contain any discussion between the court and counsel as to what transpired in deciding which instructions would be given to the jury and the final form of the special verdict to be used. Instead, the record contains only the judgment on jury verdict prepared by plaintiff, which incorporates the text of the special verdict. It makes no difference, however, even if the special verdict form was prepared by defendants, because it is clear from the record, including the superior court file, that the defendants' earlier requests, that the jury be instructed on the issue of at-will employment and that the special verdict form address that issue, were rejected by the trial court. As discussed below, the issue of at-will employment was not waived by defendants.

The jury found that defendants had breached an express contract that plaintiff would be given a position to manage a sales team and earn

---

[1]BAJI No. 10.10 reads: "An employment contract having no specified term may be terminated at will by the employer by giving notice to the employee, unless the employer and the employee have [expressly] [impliedly] agreed that the employee will not be discharged except for good cause."

[2]Special instruction No. 13 reads: "There is a presumption under the laws of California that employment is at will. California Labor Code § 2922 states that 'an employment having no specified term, may be terminated at the will of either party or [*sic*] notice to the other.' [¶] What this presumption means is that if the employment contract does not specify an employment for a certain length of time, then the employee can quit at any time, and the employer can terminate the employee at any time, for any cause or for no cause. You are required by law to apply that presumption in this case."

[3]The record does not contain any discussion between counsel and the trial court as to why the jury was not instructed on the subject of at-will employment and directed to make a factual conclusion on the issue. However, it is clear from the record that such instructions were requested but not given, and that the jury did not reach a factual conclusion on the issue.

commissions based on the sales made by that team, and also found that defendants had breached the implied covenant of good faith and fair dealing. The jury awarded $79,185 in favor of plaintiff.

On appeal, defendants raise various issues, primarily concerning the question of whether substantial evidence was presented at trial to support the verdict. Defendants specifically contend that plaintiff did not present substantial evidence to support the conclusion that his employment with Nextel was terminable only for good cause. More significantly, the defendants contend that the trial court's refusal to give either their proposed special jury instruction or BAJI No. 10.10 constituted an error of law.[4] The threshold question of whether or not plaintiff's employment was terminable at will is dispositive of this case. Therefore, we limit our review to this single issue by holding the court's failure to give the requested instructions is fundamental reversible error for the reasons stated in the remainder of this opinion.

## DISCUSSION

Labor Code section 2922, which provides that an employment, having no specific term, may be terminated at the will of either party, establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination. The at-will presumption may be overcome by evidence that the employer and employee impliedly agreed to termination only for cause. (*Camp* v. *Jeffer, Mangels, Butler & Marmaro* (1995) 35 Cal.App.4th 620, 629 [41 Cal.Rptr.2d 329].) In this case, the record reveals that plaintiff did not present evidence at trial of an express oral or written agreement specifying the length of his employment or the permissible grounds for termination. In his first amended complaint, the plaintiff alleged the defendants "promised [him] a guaranteed position for as long as [he] satisfactorily performed his duties with Defendants" and the "Defendants would guarantee his job indefinitely." The defendants denied these allegations. Therefore, because his employment was as a matter of law presumptively terminable at defendants' will, plaintiff was obligated to overcome that presumption with evidence that defendants impliedly agreed to terminate him only for good cause. Accordingly, the jury should have been so instructed.

---

[4]Following oral argument, we requested that the parties file letter briefs addressing whether or not defendants had actually requested instructions on at-will employment which were rejected by the trial court, as well as whether or not defendants adequately raised as error on appeal the court's failure to give these instructions. Although there is no discussion between court and counsel in the record regarding the at-will presumption, we are satisfied defendants in fact requested the instructions and that such instructions were not given. In addition, while this instructional error was not emphasized in the appellants' brief, the subject was sufficiently raised and discussed such that the issue is appropriate for review by this court.

The existence of an implied contract to discharge only for good cause is normally a factual question for the trier of fact. (*Haycock* v. *Hughes Aircraft Co.* (1994) 22 Cal.App.4th 1473, 1490 [28 Cal.Rptr.2d 248], citing *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 677, 680, 682 [254 Cal.Rptr. 211, 765 P.2d 373].) Only in limited circumstances not applicable to the present case has the issue been decided as a matter of law; that is, where a valid contract expressly provided the employment was at will. (See *Haycock* v. *Hughes Aircraft Co.*, *supra*, 22 Cal.App.4th at 1490.) In this case, the issue was not decided at all.

The presumption of at-will employment stated in Labor Code section 2922 may be overcome by evidence regarding the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged. (*Haycock* v. *Hughes Aircraft Co.*, *supra*, 22 Cal.App.4th at p. 1488.) While the plaintiff presented some evidence in this regard including, for example, the duration of his employment and his numerous promotions and raises, the jury was not instructed to resolve the factual issue of whether an implied agreement existed to terminate plaintiff only for cause. This question must first have been answered—in the affirmative—before the jury should have gone on to consider whether defendants had breached a contractual promise to plaintiff by promising him a different position than the one he was actually given or whether defendants had breached the implied covenant of good faith and fair dealing.[5] Because the jury here skipped over the threshold issue of whether plaintiff's employment was terminable only for cause, the verdict it reached finding breach of an express contract that plaintiff "would be given a position to manage a sales team and earn commissions based on the sales made by that team" is simply not valid. The jury's finding that such an express contract was breached does not necessarily mean that it first decided plaintiff's employment was terminable only for cause. We cannot hazard to guess what the jury's determination would have been on the issue had it been properly instructed to make a finding on the issue.

Because the presumption of at-will employment is premised upon public policy considerations, it is one affecting the burden of proof. (*Haycock* v. *Hughes Aircraft Co.*, *supra*, 22 Cal.App.4th at pp. 1488-1489.) Therefore, even if no substantial evidence was presented by defendants that plaintiff's employment was at will, the presumption of Labor Code section 2922

---

[5]For a discussion of the requirement that an implied-in-fact contract to terminate for cause must be found to exist to support a cause of action for breach of the implied covenant of good faith and fair dealing, see *Camp* v. *Jeffer, Mangels, Butler & Marmaro*, *supra*, 35 Cal.App.4th at page 631.

required the issue to be submitted to the jury. (22 Cal.App.4th at pp. 1491-1492.) Where, as here, the jury was not instructed regarding the presumption of at-will employment or the factors to be considered in deciding whether an implied agreement to terminate for cause existed, and the special verdict form did not require the jury to reach a conclusion of fact on the issue, reversible error exists. "A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence." (*Soule* v. *General Motors Corp.* (1994) 8 Cal.4th 548, 572 [34 Cal.Rptr.2d 607, 882 P.2d 298].) Although the presumption of employment at will is not in the technical sense "evidence," it is foundational to defendants' case and an essential guide to the jury's assessment and determination of plaintiff's claim.

Finally, we reject respondent's contention that defendants waived the issue of at-will employment. The defendants submitted jury instructions on the issue and a special verdict form which would have required the jury to make a finding in that regard, but both were rejected by the trial court. Under these circumstances, we find there to be no basis to support a claim of waiver.

We hold that the jury should have been called upon to decide the question of whether or not there existed any agreement between plaintiff and defendants that plaintiff's employment was terminable only for good cause, such that the legal presumption of at-will employment created by Labor Code section 2922 was overcome. In order for the jury to do so, it needed to be properly instructed on this issue. If a special verdict form was to be used, it should have included a question directing the jury to state a conclusion of fact as to whether plaintiff's employment was terminable at will or only for cause.

### · DISPOSITION

The judgment is reversed and the cause is remanded for a new trial. The parties are to pay their own costs of appeal.

Epstein, J., and Hastings, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 11, 1997.