**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA FRANCO,

          Plaintiff - Appellant,

  v.

PIER 1 IMPORTS, INC., Erroneously
Sued As Pier 1 Imports (U.S) Inc.,

          Defendant - Appellee.

No. 08-56685

D.C. No. 5:07-cv-00946-VAP-JCR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Maria Franco appeals the district court's grant of summary judgment in

favor of her former employer, Pier 1 Imports, Inc., in Franco's case, which alleges

breach of an implied contract not to terminate her employment without good cause,

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and disability discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940(a). We affirm.

California law presumes an at-will employment relationship "if the parties have made no express oral or written agreement specifying the length of employment or the grounds of termination." Alexander Nextel Communications, Inc., 52 Cal. App. 4th 1376, 1380 (Cal. App. 1997); see also Cal. Lab. Code §2922 ("An employment, having no specified term, may be terminated at the will of either party on notice to the other."). This presumption can be overcome only "by evidence that the employer and employee impliedly agreed to termination only for cause." Alexander, 52 Cal. App. at 1380. The district court correctly concluded that Franco failed to produce evidence of an implied agreement that she could be terminated only for good cause. Franco's assertions that her interviewer said that employees were "very pampered" at that location did not support the conclusion that Franco would not be discharged except for good cause. Pier 1 produced substantial evidence supporting its position that the employment relationship was at-will. Franco admitted in a deposition that she was an at-will employee. Additionally, Pier 1 pointed to evidence that it had expressly and repeatedly communicated the at-will nature of the employment relationship with Franco on

2

her employment application, which she admitted that she read and signed, during the job application and interview process, and in Pier 1's employee handbook.

Franco failed to make out a prima facie case of disability discrimination. A prima facie case under California Government Code § 12940 requires the plaintiff to show that "(1) he suffers from a disability; (2) he is otherwise qualified to do his job; and (3) he was subjected to adverse employment action because of his disability." Arteaga v. Brink's, Inc., 163 Cal. App. 4th 327, 344-45 (Cal. App. 2008) (internal quotation mark and citation omitted). Franco failed to present sufficient evidence to satisfy the third element of the prima facie case. Although Franco alleged that she was discharged within a short time of disclosing her medical condition to her supervisor, "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate nondiscriminatory reason for the termination." Arteaga, 163 Cal. App. 4th at 353. As legitimate non-discriminatory reasons for Franco's termination, Pier 1 points to Franco's poor service record, which pre-dated the disclosure of her medical condition, and Franco's failure to open the warehouse or to follow proper notification procedures just a few days before her termination. Because Franco failed to present evidence that she was fired because of her medical condition, the

3

district court properly granted summary judgment to Pier 1 on the discrimination claim.

AFFIRMED.